IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| JAMES E. SHERROD, | ) | 4:07CV3216 |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | MEMORANDUM |
| | ) | AND ORDER |
| STATE OF NEBRASKA, and | ) | |
| DIANE SABATKA-RINE, | ) | |
| | ) | |
| Respondents. | ) | |

### Introduction

Pending before the court is a petition for writ of habeas corpus, (Filing No. 1), and the petitioner's motion to amend petition for writ of habeas corpus. (Filing No. 6). The motion to amend, (Filing No. 6), is granted.

The court has conducted an initial review of the habeas corpus petition (Filing No. 1), as amended by Filing No. 6, to determine whether the claims made by the petitioner are, when liberally construed, potentially cognizable in federal court.

### Correctional Institution Proceedings

The petitioner is an inmate at the Lincoln Correctional Center ("LCC") within the Nebraska Department of Corrections ("NDC"). He alleges that on August 23, 1988, while incarcerated at LCC, he was cited for misconduct. Specifically, he claims a misconduct report was filed charging him with aggravated assault, law violations, and sexual activities. The petitioner was allegedly found guilty of these charges by the Institutional Disciplinary Committee ("IDC") on September 8, 1988. The punishment imposed included segregated confinement and loss of good-time credit, at least one year of which was non-restorable.

The petitioner claims that as a result of the IDC disciplinary finding, he was given a 25- to 30-year prison sentence and was no longer eligible for parole.

The petitioner alleges he completed the forms to appeal the IDC decision and delivered them to prison caseworker David Skow on September 15, 1988, but Skow failed to forward the appeal to the NDC Appeals Board. The petitioner alleges that as a result of Skow's wrongful acts or omissions, his appeal was never received by the Appeals Board, and he was denied his right to appeal. The petitioner seeks expungement of the 1988 misconduct reporting from his NDC institutional record, and restoration of his lost good-time credits.

## Summary of Claims

Condensed and summarized for clarity, the petition, as amended, alleges the petitioner's due process rights were violated. Specifically, he claims: 1) the evidence offered at the disciplinary misconduct hearing was insufficient to support the IDC finding; and 2) he was denied the right to appeal that decision.

Liberally construed, the court preliminarily decides that petitioner's due process claims are potentially cognizable federal habeas claims. The petitioner is attacking the length of his confinement and his loss of eligibility for parole, and he is seeking restoration of his good time credits. "[T]he appropriate vehicle for asserting these claims [is] a petition for a writ of habeas corpus under 28 U.S.C. § 2254," which requires prior exhaustion of any available state remedies. Offet v. Solem, 823 F.2d 1256, 1257 (8th Cir. 1987)(citing Preiser v. Rodriquez, 411 U.S. 475 (1973)). See also Bressman v. Farrier, 900 F.2d 1305 (8th Cir. 1990)(holding inmate's action for restoration of good-time credits lost as result of disciplinary action would affect length of confinement, requiring prior exhaustion of state

remedies under 28 U.S.C. § 2254); Clayton-El v. Fisher, 96 F.3d 236 (7th Cir. 1996)(holding inmate's claim arising from disciplinary segregation and loss of good-time credits allegedly caused by prison officer's withholding of notice of disciplinary hearing implicated habeas corpus claims and required exhaustion of available state remedies).

The court cautions that no determination has been made regarding the merits of petitioner's claims or any defenses to them or whether there are procedural bars that will prevent the petitioner from obtaining the relief sought.

The petitioner seeks the appointment of counsel. (Filing No. 1, § 24). "There is neither a constitutional nor statutory right to counsel in habeas proceedings; instead, [appointment] is committed to the discretion of the trial court." *McCall v. Benson*, 114 F.3d 754, 756 (8th Cir. 1997). As a general rule, counsel will not be appointed *unless* the case is unusually complex or the petitioner's ability to investigate and articulate the claims is unusually impaired or an evidentiary hearing is required. *See*, *e.g.*, *Morris v. Dormire*, 217 F.3d 556, 558-59 (8th Cir.), *cert. denied*, 531 U.S. 984 (2000); *Hoggard v. Purkett*, 29 F.3d 469, 471 (8th Cir. 1994) (citations omitted). *See also* Rule 8(c) of the *Rules Governing Section 2254 Cases in the United States District Courts* (requiring appointment of counsel if an evidentiary hearing is warranted.) In short, there is no need for the appointment of counsel at this time.

IT IS ORDERED that:

(1) The motion to amend (Filing No. 6) is granted and the petition (Filing No. 1) is amended accordingly. Upon initial review of the habeas corpus petition (Filing No. 1), as amended by Filing No. 6, the court preliminarily determines that the following claims are potentially cognizable federal habeas claims:

3

   Petitioner's due process claims alleging that the evidence offered at his disciplinary misconduct hearing held in 1988 was insufficient to support the Institutional Disciplinary Committee's September 8, 1988, determination, and the petitioner was denied his right to appeal that decision.

(2) Petitioner's request for the appointment of counsel, (Filing No. 1, ¶ 24), is denied without prejudice to reassertion.

(3) The Clerk of the court is directed to mail copies of this memorandum and order and the § 2254 petition to the respondent and the Nebraska Attorney General by regular first-class mail.

(4) By November 15, 2007, the respondent shall file a motion for summary judgment or an answer. The Clerk of the court is directed to set a pro se case management deadline in this case using the following text: November 15, 2007–respondent's deadline for filing a summary judgment motion or answer.

(5) If the respondent elects to file a motion for summary judgment, the following procedures shall be followed by the respondent and the petitioner:

  A. The motion for summary judgment shall be accompanied by a separate brief, submitted at the time of the filing of the motion.

  B. The motion for summary judgment shall be supported by such state court records as are necessary to support the motion. Those records shall be contained in a separate filing entitled: "Designation of State Court Records in Support of Motion for Summary Judgment."

  C. Copies of the motion for summary judgment, the designation, including state courts records, and the respondent's brief shall be served upon the petitioner *except* that respondent is only required to provide the petitioner with a copy of the specific pages of the record which are cited in the respondent's brief. In the event that the designation of state court records is deemed insufficient by the petitioner, the petitioner may file a motion with the court requesting additional documents. Such motion shall set forth the documents requested and the reasons the documents are relevant to the cognizable claims.

  D. No later than 30 days following the filing of the motion for summary judgment, the petitioner shall file and serve a brief in opposition to the motion for summary judgment. The petitioner shall submit no other documents unless directed to do so by the court.

4

- E. No later than 30 days after the filing of the petitioner's brief, the respondent shall file and serve a reply brief.

- F. If the motion for summary judgment is denied, the respondent shall file an answer, a designation and a brief that complies with terms of this order. (See the following paragraph.) The documents shall be filed no later than 30 days after the denial of the motion for summary judgment. The respondent is warned the failure to file an answer, a designation and a brief in a timely fashion may result in the imposition of sanctions including the release of the petitioner.

(6) If the respondent files an answer, the following procedures shall be followed by the respondent and the petitioner:

- A. No later than 30 days after the filing of the answer, respondent shall file a separate brief. Both the answer and brief shall address all matters germane to the case including, but not limited to, the merits of the petitioner's allegations that have survived initial review, and whether any claim is barred by a failure to exhaust state remedies, a procedural bar, non-retroactivity, a statute of limitations, or because the petition is an unauthorized second or successive petition. *See, e.g., Rules 5(b) and 9 of the Rules Governing Section 2254 Cases in the United States District Courts.*

- B. The answer shall be supported by <u>all</u> state court records which are relevant to the cognizable claims. *See, e.g., Rule 5(c)-(d) of the Rules Governing Section 2254 Cases in the United States District Courts.* Those records shall be contained in separate filing entitled: "Designation of State Court Records In Support of Answer."

- C. Copies of the answer, the designation, and the respondent's brief shall be served upon the petitioner, *except* that respondent is only required to provide the petitioner with a copy of the specific pages of the designated record which are cited in the respondent's brief. In the event that the designation of state court records is deemed insufficient by the petitioner, the petitioner may file a motion with the court requesting additional documents. Such motion shall set forth the documents requested and the reasons the documents are relevant to the cognizable claims.

- D. No later than 30 days following the filing of respondent's brief, the petitioner shall file and serve a brief in response. The petitioner shall submit no other documents unless directed to do so by the court.

      E.    No later than 30 days after the filing of the petitioner's brief, the respondent shall file and serve a reply brief.

(7)    No discovery shall undertaken without leave of the court. *See Rule 6 of the Rules Governing Section 2254 Cases in the United States District Courts.*

DATED this 3rd day of October, 2007.

                                        BY THE COURT:

                                        s/Laurie Smith Camp
                                        United States District Judge