# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| JAMES E. SHERROD, ) | CASE NO. 4:07CV3216 |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | MEMORANDUM |
| ) | AND ORDER |
| STATE OF NEBRASKA, and ) | |
| DIRECTOR ROBERT HOUSTON, ) | |
| Director, State of Nebraska ) | |
| Correctional Services (DCS), ) | |
| ) | |
| Respondents. ) | |

This matter is before the court on Respondent Robert Houston's Motion for Summary Judgment (Filing No. 12) and Petitioner James E. Sherrod's ("Sherrod") Motion for Discovery, Application for Appointment of Counsel, and Request for an Evidentiary Hearing (Filing Nos. 32, 33, and 34). For the following reasons, all of the pending Motions are denied.

## I. BACKGROUND

The background information provided by the parties is sparse. At some unspecified time prior to August 23, 1988, Petitioner was convicted of first degree sexual assault, determined to be a "habitual criminal," and sentenced to a term of imprisonment of 35 years. (Filing No. 13 at CM/ECF p. 1 (citing *State v. Sherrod*, 425 N.W.2d 616, 618 (Neb. 1988) *overruled in part by State v. Hall*, 679 N.W.2d 760 (Neb. 2004)).[1] Sometime thereafter, he was convicted of another first degree sexual assault and sentenced to a term of imprisonment of 25 to 30 years, with the sentence to be served consecutively to his previous sentence. (*Id.* (citing *State v. Sherrod*, 464 N.W.2d 809 (Neb. 1991)).

---

[1] Petitioner alleges that he was sentenced sometime in 1987. (*See* Filing No. 5 at CM/ECF p. 2.)

Petitioner claims that on August 23, 1988, a "Nebraska Department of Correctional Services employee wrote a misconduct report" alleging that Petitioner violated rules prohibiting "aggravated assault/assault/fighting," "law violations," and "sexual activities." (Filing No. 6 at CM/ECF p. 1.) According to Petitioner, the misconduct report was based on an accusation that he "physically and sexually assaulted his cellmate." (Filing No. 35 at CM/ECF p. 5.) On September 8, 1988, Petitioner appeared before the "Department of Correctional Services Institutional Disciplinary Committee" (IDC)[2] and was found guilty of the aforementioned rules violations. (Filing No. 6 at CM/ECF p. 1.) His punishment for the assault violation consisted of 60 days in segregation and a loss of one year of "good time (non-restorable)"; his punishment for "law violations" consisted of 45 days in segregation and a loss of 45 days of good time; and his punishment for "sexual activities" consisted of 30 days in segregation and a loss of 45 days of good time. (*Id.* at CM/ECF pp. 1-2.) Petitioner states that on September 15, 1988, he "turned in an appeal to the Nebraska Department of Correctional Services staff," (*id.* at CM/ECF p. 2), but "[t]his appeal was never filed," (Filing No. 5 at CM/ECF p. 2). He adds that he "had no idea that his appeal was never heard before the Nebraska Department of Correctional Services Appeals Board." (Filing No. 5 at CM/ECF p. 2.)[3]

---

[2]In his Petition, Sherrod uses the term "adjustment committee" to refer to the IDC. (*Compare* Filing No. 1 at CM/ECF p. 2 *with* Filing No. 6 at CM/ECF p. 1.)

[3]According to Petitioner, his second sexual assault conviction stemmed from this disciplinary action. (Filing No. 1 at CM/ECF p. 6; Filing No. 5 at CM/ECF p. 2; Filing No. 35 at CM/ECF p. 5.) In other words, Petitioner seems to suggest that he was tried and convicted of first degree sexual assault (for the second time) based upon the same actions that were the subject of the August 23, 1988, misconduct report. In the instant Petition, however, Sherrod seeks only the reversal of the decision of the "adjustment committee" (or the modification of the punishment imposed by the committee), the expungement of the

2

It appears that on June 22, 2006, Petitioner filed a civil action in the District Court of Lancaster County, Nebraska, in which he sought to recover the one year of "non-restorable" good time that was taken away pursuant to the September 8, 1988 IDC decision. (*See* Filing No. 29-2, Attach. 1, at CM/ECF p. 5; *see also* Filing No. 35 at 1. *But see* Filing No. 1 at CM/ECF p. 2 (indicating that Petitioner filed no previous petitions, applications, motions, or other actions with respect to the judgment at issue).) The parties agree that the district court denied Petitioner's motion to proceed in forma pauperis in that action. (*See* Filing No. 28 at CM/ECF p. 1; Filing No. 29 at CM/ECF p. 1.) According to Petitioner, the district court denied the motion because it found "the merits of the matter . . . to be 'Frivolous.'" (Filing No. 35 at CM/ECF p. 1 (emphasis omitted).)[4] The parties agree that Petitioner then appealed the district court's decision (Filing No. 29 at CM/ECF p. 1; Filing No. 35 at CM/ECF p. 1), that the Nebraska Court of Appeals dismissed the appeal on August 24, 2007 (Filing No. 28 at CM/ECF p. 1; Filing No. 29 at CM/ECF p. 1), and that Sherrod's petition for further review was denied on October 24, 2007 (Filing No. 28 at CM/ECF p. 1; Filing No. 29 at CM/ECF p. 1).

On August 29, 2007, Sherrod filed the instant Petition for Writ of Habeas Corpus, which is made pursuant to 28 U.S.C. § 2254. (*See generally* Filing No. 1.)[5] Subsequent

---

relevant misconduct report from his institutional record, and the restoration of his good time. (Filing No. 1 at CM/ECF p. 9.) He does not challenge his second conviction and sentence for first degree sexual assault.

[4]Petitioner cites to "(T44)" in support of this statement. (*See* Filing No. 35 at CM/ECF p. 1) No transcript or other document bearing this designation appears in the record, however.

[5]The Petition was filed after Petitioner's appeal of his state-court action was dismissed by the Nebraska Court of Appeals, but before his petition for further review was denied.

3

filings describe Petitioner's claims and the factual underpinnings of those claims in greater detail. (*See generally* Filing Nos. 5, 6; *see also* Filing No. 8 (granting motion to amend).) In essence, Petitioner claims that the IDC's disciplinary decision of September 8, 1988, was not supported by the testimony of the witnesses or other facts; that "lab results [were] negative and [were not] considered [by the IDC] in deciding Petitioner['s] guilt"; that the "IDC failed to provide a reason for [its] findings"; that the evidence used against Petitioner was not disclosed to him; and that the corrections staff member's failure to file Petitioner's appeal amounted to a violation of Petitioner's due process rights. (Filing No. 1 at CM/ECF pp. 5-7; Filing No. 5 at CM/ECF pp. 1-2.)

Respondent argues that he is entitled to summary judgment because Petitioner's claims are "unexhausted" and "untimely." (Filing No. 13 at CM/ECF p. 1.) In response, Petitioner argues that he exhausted his claims "to the best of [his] ability" (Filing No. 28 at CM/ECF p. 1) and that his Petition is timely because the applicable limitations period was tolled during the pendency of his state postconviction motion (Filing No. 19 at CM/ECF p. 1).

## II. ANALYSIS

### A. Respondent's Motion for Summary Judgment

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), 110 Stat. 1214, provides that "[a] 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court." 28 U.S.C. § 2244(d)(1). This one-year limitation period runs from the latest of the following dates:

4

>(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
>(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
>(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1)(A)-(D). In addition, however, "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2).

In the instant case, Petitioner does not challenge a state-court judgment, but rather a disciplinary proceeding that resulted in a loss of good time. The parties agree that Petitioner's challenge is properly raised under § 2254. (*See* Filing No. 29 at CM/ECF p. 2 (citing *Portley-El v. Brill*, 288 F.3d 1063, 1066 (8th Cir. 2002)).) *See also Preiser v. Rodriguez*, 411 U.S. 475, 487-88 (1973). However, the question of whether the one-year AEDPA limitations period applies to this sort of challenge requires further analysis.

Although the Eighth Circuit has not yet addressed the issue, at least five circuits have held that the AEDPA limitations period applies to habeas petitions challenging administrative decisions. *See Neugebauer v. Fox*, No. 1:08-cv-015, 2008 WL 824272, at *2 (D.N.D. March 10, 2008) (citing *Dulworth v. Evans*, 442 F.3d 1265, 1267-68 (10th Cir. 2006); *Shelby v. Bartlett*, 391 F.3d 1061, 1064-65 (9th Cir. 2004); *Wade v. Robinson*, 327

5

F.3d 328, 330-31 (4th Cir. 2003); *Cook v. New York State Div. of Parole*, 321 F.3d 274, 279-80 (2d Cir. 2003); *Kimbrell v. Cockrell*, 311 F.3d 361, 363 (5th Cir. 2002)). The Seventh Circuit holds, however, that the one-year limitations period is inapplicable in cases such as Petitioner's because § 2244(d)(1) applies only to petitions challenging "the judgment of a State court." *Id.* (citing *Cox v. McBride,* 279 F.3d 492, 493-94 (7th Cir. 2002)).

Three important considerations support the majority rule. First, as noted by the Ninth Circuit, "the limitation period in § 2244 on its face is not limited to petitions challenging a state court judgment." *Shelby*, 391 F.3d at 1064. On the contrary, "[t]he section's plain language reaches any and every habeas petition filed by persons who are in custody pursuant to state court judgments. The section does not distinguish based on the contents of a petitioner's claim, but encompasses all 'application[s] for writ of habeas corpus.'" *Id.* (quoting *Wade*, 327 F.3d at 331). *See also Kimbrell*, 311 F.3d at 363 (holding that § 2244(d)(1) "literally applies" in actions challenging good time revocations).

Second, the majority rule is consistent with the principle that "words used more than once in the same statute" should be given the same meaning. *Shelby*, 391 F.3d at 1064 (quoting *Boise Cascade Corp. v. EPA*, 942 F.2d 1427, 1432 (9th Cir. 1991)). *See also, e.g.*, *Powerex Corp. v. Reliant Energy Servs., Inc.,* 127 S. Ct. 2411, 2417 (2007). Specifically, under the majority rule, the phrase "person in custody pursuant to the judgment of a State court" has but one meaning within the AEDPA. *See Cook,* 321 F.3d at 280 ("The section 2244 time limitation and section 2254 both apply, in identical terms, to 'an application for a writ of habeas corpus by a person in custody pursuant to the

6

judgment of a State court.'  It follows that both apply to [petitioner's] section 2254 application.")  In contrast, under the Seventh Circuit's rule, "[a] petition challenging administrative decisions would be brought by a 'person in custody pursuant to the judgment of a State court' for purposes of habeas jurisdiction, but would not be brought by a 'person in custody pursuant to the judgment of a State court' for purposes of the limitations period." *Shelby*, 391 F.3d at 1064-65.

Finally, the majority rule "is consistent with the purposes of the AEDPA." *Shelby*, 391 F.3d at 1065.  As explained by the Ninth Circuit,

> The Supreme Court has recognized that "§ 2244(d)(1) quite plainly serves the well-recognized interest in the finality of state court judgments." *Duncan v. Walker*, 533 U.S. 167, 179 (2001).  It "reduces the potential for delay on the road to finality by restricting the time that a prospective federal habeas petitioner has in which to seek federal habeas review." *Id.*
>
> [The alternate rule], on the other hand, is inconsistent with the AEDPA's purpose of furthering the principles of comity, finality, and federalism.  Under [that] interpretation, a person in custody pursuant to a state court judgment, but challenging an administrative decision, would have an unlimited time in which to file his habeas petition, thus hindering the finality principle.

*Shelby*, 391 F.3d at 1065 (citations omitted).

As noted above, the Seventh Circuit rejects the majority rule.  In *Cox,* the court concluded that a petitioner's habeas action to recover his lost good-time credits was not barred by the limitations period set forth in 28 U.S.C. § 2244(d)(1) because "that provision is limited to petitions filed by persons 'in custody pursuant to the judgment of a State court,' and a prison disciplinary board is not a court." *Cox*, 279 F.3d at 493.  The court admitted that the petitioner was "in prison pursuant to the judgment of a state court," because "otherwise he would not be eligible for federal habeas corpus." *Id.*  It concluded, however,

7

that "the custody he is challenging, as distinct from the custody that confers federal jurisdiction, is the additional two years of prison that he must serve as the result of the 'judgment' not of a state court but of the prison disciplinary board." *Id.* Based on this distinction, the court found that the § 2244(d)(1) limitations period was not applicable.

As noted by the Ninth Circuit, the Seventh Circuit's rule seems "strained" and "unpersuasive." *Shelby*, 391 F.3d at 1065. It conflicts with the plain language of the statute, results in two inconsistent interpretations of the same phrase (one for the purposes of habeas jurisdiction and the other for the purposes of the limitations period), and frustrates the purposes of the AEDPA.[6] A habeas petitioner remains "in custody pursuant the judgment of a State court" for the purposes of § 2244(d)(1), even if he is also in custody due to a revocation of good time by a disciplinary committee. *See Shelby*, 391 F.3d at 1065 (quoting *Wade*, 327 F.3d at 331). In light of this analysis, the one-year limitations period applies to Sherrod's Petition.

However, it remains to be determined *how* the limitations period should be applied in Sherrod's case. As noted above, § 2244(d)(1) provides that the one-year limitations period begins to run from the latest of four dates. In the instant case, there is no indication that Petitioner was impeded from filing his application by the State (so as to trigger the date

---

[6]In fairness it should be noted that, contrary to the Ninth Circuit's interpretation of its position, the Seventh Circuit would not grant habeas petitioners an "unlimited" time to file challenges to disciplinary decisions. Rather, the Seventh Circuit would limit the time for filing such challenges in accordance with "the equitable principle of laches codified in Rule 9(a) of the Rules Governing Section 2254 Cases in the United States District Courts." *McBride*, 297 F.3d at 494. Interestingly, however, Rule 9(a) was deleted in 2004 on the ground that it is "unnecessary in light of the applicable one-year statute of limitations for § 2254 petitions," which is codified in § 2244(d). Rules Governing Section 2254 Cases in the United States District Courts, Rule 9 advisory committee's note (2004 amendments).

8

specified in § 2244(d)(1)(B)), and the Petition is not based on any newly recognized right that has been made retroactively applicable to cases on collateral review (so as to trigger the date specified in § 2244(d)(1)(C)). It seems, therefore, that the limitations period in this case began to run on either "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review," or "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2244(d)(1)(A), (D).

Respondent argues that the limitations period began to run on the date "[P]etitioner's state court judgment [became] final." (Filing No. 13 at 1.) *See also* 28 U.S.C. § 2244(d)(1)(A). He neglects, however, to specify the relevant date,[7] and due to Respondent's failure to provide copies of the relevant records (*see* Filing No. 8 at CM/ECF p. 4; Filing No. 27 at CM/ECF pp. 2-3), the court has no means of determining that date.

In cases decided by the Tenth, Ninth, Fourth, Second, and Fifth Circuits involving habeas challenges to administrative decisions, the limitations period was found to run from "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2244(d)(1)(D). *See Dulworth,* 442 F.3d at 1268; *Shelby,* 391 F.3d at 1065-66; *Wade,* 327 F.3d at 332-33; *Cook,* 321 F.3d at 280; *Kimbrell,* 311 F.3d at 363-64. Most of these courts concluded that the "factual predicate of the claim or claims presented" in these cases was the final determination of the relevant institutional body. *See Dulworth,* 442 F.3d at 1268-69;

---

[7]Respondent states, without any supporting documentation, that Petitioner began to serve his sentences on April 29, 1987. (Filing No. 13 at 1.) Of course, this is not necessarily the date on which the state court judgment became final.

9

*Shelby*, 391 F.3d at 1066; *Wade*, 327 F.3d at 333; see also *Kimbrell*, 311 F.3d at 363-64 (holding that the limitation period began running from the date of the petitioner's disciplinary hearing, and adding that "the timely pendency of prison grievance procedures would have tolled the one-year period"). In the instant case, Petitioner alleges that the institutional review was frustrated by guard's failure to turn in his appeal forms. Thus, there is even more uncertainty about when factual predicate of claim could have been discovered through due diligence.

In short, Respondent's complete failure to file the relevant state court records leaves the court only to assume the relevant dates. While the court has serious doubts regarding the timeliness of the Petition, the court refuses to decide the issue based on assumptions and unsupported statements. Despite being ordered to file the relevant state court records on at least two separate occasions (Filing Nos. 8 and 27), Respondent has not filed the state court records necessary to support his Motion with respect to the timeliness of the Petition.[8] Respondent has also failed to file any Department of Corrections or IDC documents supporting his arguments.

The same is true with respect to Respondent's procedural default argument. Although Respondent claims that Petitioner failed to exhaust his claims in state court, the record is insufficient to make that determination. Indeed, the only records before the court

---

[8]Respondent states that he has filed "the only documents of which we are aware that pertain to the instant habeas case, and which were either filed in Lancaster County District court case number CI 06-2621, or the appeal which resulted from the denial of in forma pauperis status in that case." (Filing No. 29 at CM/ECF p. 2.) However, Petitioner filed a document indicating that IDC and Appeals Board records "should be in [Sherrod's] inmate file." (Filing No. 1 at CM/ECF p. 10.) Further, there is some indication that briefs were filed in both the Court of Appeals the Nebraska Supreme Court. (Filing No. 19.) Respondent has not submitted those briefs.

10

consist of an unauthenticated computer print out and a docket sheet which indicates that Petitioner filed an appeal and a petition for further review. No briefs have been submitted and it is therefore impossible to tell what claims, if any, Petitioner raised in the state courts. Again, the court will not dismiss a habeas corpus petition based on an incomplete, unauthenticated record. In light of Respondent's failure to file the relevant state court records, his Motion for Summary Judgment is denied. Respondent shall file an answer and supporting documents as set forth below.[9]

**B.     Petitioner's Pending Motions**

Also pending before the court are Petitioner's Motion for Discovery (Filing No. 32), Motion for Appointment of Counsel (Filing No. 33), and Motion for an Evidentiary Hearing (Filing No. 34). In his Motion for Discovery, Petitioner seeks various photographs and test results, among other things. At this stage of the proceedings, the requested discovery is not relevant. Petitioner's Motion for Discovery is therefore denied without prejudice to reassertion.

Petitioner also requests the appointment of counsel (Filing No. 33) and an evidentiary hearing (Filing No. 34). As the court has previously stated, "[t]here is neither a constitutional nor statutory right to counsel in habeas proceedings; instead, [appointment] is committed to the discretion of the trial court." *McCall v. Benson*, 114 F.3d 754, 756 (8th Cir. 1997). As a general rule, counsel will not be appointed unless the case is unusually complex or the petitioner's ability to investigate and articulate the claims is unusually

---

[9]The court notes that the Motion for Summary Judgment was filed only on behalf of one Respondent–Robert Houston. Counsel for Respondents may wish to consider filing the answer on behalf of all Respondents.

impaired or an evidentiary hearing is required. *See, e.g.,* Morris v. Dormire, 217 F.3d 556, 558-59 (8th Cir. 2000), *cert. denied*, 531 U.S. 984 (2000); Hoggard v. Purkett, 29 F.3d 469, 471 (8th Cir. 1994) (citations omitted). *See also* Rule 8(c) of the *Rules Governing Section 2254 Cases in the United States District Courts* (requiring appointment of counsel if an evidentiary hearing is warranted.) The court finds that there is no need for the appointment of counsel or an evidentiary hearing at this time.

IT IS THEREFORE ORDERED that:

1. Respondent's Motion for Summary Judgment (Filing No. 12) is denied;

2. Petitioner's Motion for Discovery (Filing No. 32), Motion for Appointment of Counsel (Filing No. 33), and Motion for an Evidentiary Hearing (Filing No. 34) are denied;

3. Respondent shall file an answer no later than 30 days from the date of this Memorandum and Order. The following procedures shall then be followed by Respondent and Petitioner:

    A. No later than 30 days after the filing of the answer, Respondent shall file a separate brief. Both the answer and brief shall address all matters germane to the case including, but not limited to, the merits of Petitioner's allegations that have survived initial review, and whether any claim is barred by a failure to exhaust state remedies, a procedural bar, non-retroactivity, a statute of limitations, or because the petition is an unauthorized second or successive petition. *See, e.g.*, Rules 5(b) and 9 of the *Rules Governing Section 2254 Cases in the United States District Courts*.

    B. **The answer shall be supported by all state court records which are relevant to the cognizable claims.** *See, e.g.,* Rule 5(c)-(d) of the *Rules Governing Section 2254 Cases in the United States District Courts*. Those records shall be contained in a separate filing entitled: "Designation of State Court Records In Support of Answer."

    C. Copies of the answer, the designation, and Respondent's brief shall be served upon Petitioner except that Respondent is only required to provide Petitioner with a copy of the specific pages of the designated record which are cited in Respondent's brief. In the event that the

        designation of state court records is deemed insufficient by Petitioner, Petitioner may file a motion with the court requesting additional documents. Such motion shall set forth the documents requested and the reasons the documents are relevant to the cognizable claims.

    D.    No later than 30 days following the filing of Respondent's brief, Petitioner shall file and serve a brief in response. Petitioner shall submit no other documents unless directed to do so by the court.

    E.    No later than 30 days after the filing of Petitioner's brief, Respondent shall file and serve a reply brief; and

4.    No discovery shall be undertaken without leave of the court. *See* Rule 6 of the *Rules Governing Section 2254 Cases in the United States District Courts*.

DATED this 9th day of July, 2008.

                              BY THE COURT:

                              s/Laurie Smith Camp
                              United States District Judge