IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| JAMES E. SHERROD, | ) | 4:07CV3216 |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| STATE OF NEBRASKA and | ) | |
| DIRECTOR ROBERT HOUSTON, | ) | |
| Director, State Of Nebraska | ) | |
| Correctional Services (DCS), | ) | |
| | ) | |
| Respondents. | ) | |

This matter is before the court on Respondents' Motion to Extend (filing no. 39) and the Petitioner's Motions to Appoint Counsel (filing nos. 40, 41, and 48), the Motion to Investigate (filing no. 42), and the Motion to Deny Summary Dismissal (filing no. 45).

In their Motion to Extend, the respondents seek additional time to file an answer and separate brief on the merits in light of the recent recusal of District Judge Laurie Smith Camp and reassignment of this matter. (Filing No. 39.) The Motion to Extend is granted and the respondents shall file their answer, separate brief, and state court records as set forth below.

In three separate motions, the petitioner seeks the appointment of counsel. (Filing Nos. 40, 41, and 48.) "There is neither a constitutional nor statutory right to counsel in habeas proceedings; instead, [appointment] is committed to the discretion of the trial court." *McCall v. Benson*, 114 F.3d 754, 756 (8th Cir. 1997). As a general rule, counsel will not be appointed unless the case is unusually complex or the petitioner's ability to investigate and articulate the claims is unusually impaired or an evidentiary hearing is required. *See, e.g., Morris v. Dormire*, 217 F.3d 556,

558-59 (8th Cir. 2000), *cert. denied*, 531 U.S. 984 (2000); *Hoggard v. Purkett*, 29 F.3d 469, 471 (8th Cir. 1994) (citations omitted). *See also* Rule 8(c) of the *Rules Governing Section 2254 Cases in the United States District Courts* (requiring appointment of counsel if an evidentiary hearing is warranted.) Thus, there is no need for the appointment of counsel at this time and the Motions are denied.

The petitioner's Motion to Investigate (filing no. 42) appears to argue that one of the documents submitted by the respondents is false. The court has reviewed the record and finds that the petitioner's argument is unsupported. The documents appear to be authentic. The court will deny the Motion to Investigate, however, the parties may wish to address this issue in their briefs on the merits. The petitioner's Motion to Deny Motion for Summary Dismissal (filing no. 45) is denied as moot. There is no "Motion for Dismissal" pending. However, the petitioner may wish to incorporate the arguments contained in his Motion to Deny into his brief on the merits.

IT IS THEREFORE ORDERED that:

1. The respondents' Motion to Extend (filing no. 39) is granted. The respondents shall file an answer **and separate brief** no later than December 8, 2008. The following procedures shall then be followed by the respondents and the petitioner:

> A. Both the answer and brief shall address all matters germane to the case including, but not limited to, the merits of the petitioner's allegations that have survived initial review, and whether any claim is barred by a failure to exhaust state remedies, a procedural bar, non-retroactivity, a statute of limitations, or because the petition is an unauthorized second or successive petition. *See, e.g.*, Rules 5(b) and 9 of the *Rules Governing Section 2254 Cases in the United States District Courts*.

2

    B.    The answer shall be supported by all state court records which are relevant to the cognizable claims. *See, e.g.*, Rule 5(c)-(d) of the [Rules Governing Section 2254 Cases in the United States District Courts](#) Those records shall be contained in a separate filing entitled: "Designation of State Court Records In Support of Answer."

    C.    Copies of the answer, the designation, and the respondents' brief shall be served upon the petitioner except that the respondents are only required to provide the petitioner with a copy of the specific pages of the designated record which are cited in the respondents' brief. In the event that the designation of state court records is deemed insufficient by the petitioner, the petitioner may file a motion with the court requesting additional documents. Such motion shall set forth the documents requested and the reasons the documents are relevant to the cognizable claims.

    D.    No later than 30 days following the filing of the respondents' brief, the petitioner shall file and serve a brief in response. The petitioner shall submit no other documents unless directed to do so by the court.

    E.    No later than 30 days after the filing of the petitioner's brief, the respondents shall file and serve a reply brief.

2.    No discovery shall be undertaken without leave of the court. *See* Rule 6 of the [Rules Governing Section 2254 Cases in the United States District Courts](#).

3.    The petitioner's Motions to Appoint Counsel (filing nos. [40](#), [41](#), and [48](#))

are denied.

    4.    The petitioner's Motion to Investigate (filing no. 42) and Motion to Deny Motion for Summary Dismissal (filing no. 45) are denied. However, the petitioner may wish to address these issues in his brief on the merits.

    5.    The clerk of the court is directed to set a pro se case management in this matter with the following text: January 8, 2009: check for response brief by the petitioner.

Dated November 7, 2008.

                      BY THE COURT

                      s/ Warren K. Urbom
                      United States Senior District Judge